UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KRISTY GAMAYO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MATCH.COM LLC,<br><br>Defendant. | Case No:  C 11-00762 SBA<br><br>Related to:<br>C 11-1076 SBA<br>C 11-1206 SBA<br><br>This document relates to all actions.<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO TRANSFER VENUE** |

Plaintiff Kristy Gamayo ("Plaintiff") filed the instant class action lawsuit in this Court against Defendant Match.com L.L.C. ("Match.com"), claiming that it induces subscribers to join its internet dating website under the allegedly false premise that they will be able to access millions of user profiles.  Separately, Plaintiffs Gail Fitzpatrick and Wayne Walker, and Nancy Melucci, also have filed similar class action complaints which are pending before this Court.  See Fitzpatrick v. Match.com. L.L.C., No. C 11-01206 SBA, Melucci v. Match.com. L.L.C., No. C 11-01076 SBA.  Each of these Complaints alleges a claim under California Consumer Legal Remedies Act ("CLRA"), along with other statutory and common law causes of action.  The Court has diversity jurisdiction under the Class Action Fairness Act ("CAFA").  See 28 U.S.C. § 1332(d).

The parties are presently before the Court on Defendant Match.com's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer, which it has filed in each above-referenced actions.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendant's alternative motion to transfer for the reasons set forth below.  The Court, in its discretion, finds this

matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.     BACKGROUND

### A.     FACTUAL AND PROCEDURAL SUMMARY

Match.com is a well-known internet site "for single adults to meet each other online" by posting user profiles of themselves.  Compl. ¶ 27 Ex. A at 1, Dkt. 1.  Individuals desiring to use the service are subject to a Terms of Use Agreement ("User Agreement"), to which they are subject automatically if they use the site.  Id.  The Agreement also contains a mandatory forum selection clause, which provides:

> **23.  Jurisdiction and Choice of Law.**  If there is any dispute arising out of the Website and/or the Service, by using the Website, you expressly agree that any such dispute shall be governed by the laws of the State of Texas, without regard to its conflict of law provisions, and <u>you expressly agree and consent to the exclusive jurisdiction and venue of the state and federal courts of the State of Texas, in Dallas County, for the resolution of any such dispute</u>.

Compl. Ex. A ¶ 23 (emphasis added).  Users are advised that:  "**If you object to anything in this Agreement or the Match.com Privacy Policy, do not use the Website or the Service.**"  Id. at 1.

On February 18, 2011, Plaintiff filed the instant action, alleging ten claims for relief, as follows:  (1) common count for money had and received; (2) violation of the CLRA; (3) violation of California's False Advertising Law; (4) unlawful business practices in violation of California's Unfair Competition Law ("UCL"); (5) unfair business practices in violation of the UCL; (6) fraudulent and deceptive practices in violation of the UCL; (7) breach of contract; (8) breach of the implied covenant of good faith and fair dealing; (9) negligent misrepresentation; and (10) unjust enrichment/common law restitution.  Plaintiff filed the action on behalf of herself and two putative classes, a general nationwide "Class" and a "California Subclass," each consisting of persons who "suffered damages as a result of subscription fees paid to Match for the use of its website."  Id. ¶¶ 17-18.  The crux of Plaintiff's claims is that Match.com represents that subscribers will meet other

single adults but yet fails to adequately monitor and vet user profiles to ensure that they contain accurate and current information. Id. ¶¶ 38-59.

On March 8, 2011, the same law firm representing Plaintiff Gamayo in this action filed a virtually identical complaint in this Court on behalf of Nancy Melucci. Two days later, a different law firm filed a third complaint on behalf of Gail Fitzpatrick and Wayne Walker which again is essentially identical to the Gamayo Complaint. The Court subsequently related the Melucci and Fitzpatrick actions to the instant case. Dkt. 25.

### B. RELATED LITIGATION OUTSIDE OF CALIFORNIA

In June 2009, former Match.com members brought a class action complaint against Match.com in the Southern District of New York, alleging claims under the Racketeer Influenced and Corrupt Organizations Act, false advertising under New York statutes, and common law claims for breach of the implied covenant of good faith and fair dealing, fraud, fraudulent inducement, negligent misrepresentation and breach of contract. See Brodsky v. Match.com L.L.C., No. 09 Civ. 5328 (NRB), 2009 WL 3490277 (S.D.N.Y. Oct. 28, 2009). Match.com moved to dismiss or transfer the action, pursuant to the forum selection clause contained in the User Agreement. In granting the motion, the district court ruled that "the User Agreement's forum selection clause is valid and enforceable," and transferred the action to the Northern District of Texas. Id. at *5. After the action was transferred, the magistrate judge assigned to the case granted Match.com's motion to dismiss with respect to a number of claims, and directed it to file a motion for summary judgment. Maloney Decl. Ex. B at 6, Dkt. 15-1. The plaintiffs voluntarily dismissed their action a week later. Id. Ex. C.

On December 30, 2009, another group of Match.com subscribers filed a second federal lawsuit in the Northern District of Texas. See Robinson v. Match.com L.L.C., N.D. Tex. Case No. 3:10-cv-02651-L; Maloney Decl. Ex. D. Like the present actions, the plaintiffs in Robinson allege that Match.com falsely induces members to join the site based on the promise of access to adult singles when, in fact, a significant number of the user profiles are fraudulent and/or inactive. The docket from that action (accessible through

PACER) indicates that the litigation is ongoing, with plaintiffs having filed an amended

complaint on June 3, 2011.  See Robinson v. Match.com L.L.C., N.D. Tex. Case No. 3:10-

cv-02651-L, Dkt. 23.

### C.   THE INSTANT MOTION

Match.com now moves to dismiss or transfer the instant action, as well as the

Melucci and Fitzpatrick cases, to the Northern District of Texas, pursuant to the terms of

the forum selection clause contained in the User Agreement.  Dkt. 17.  Plaintiff does not

dispute that her claims fall with the scope of the forum selection clause or that such clause

mandates a Texas federal or state court venue.  Nonetheless, she argues that the clause is

unreasonable, and hence, unenforceable.  In addition, Plaintiff has filed a request for an

evidentiary hearing to consider whether enforcement of the forum selection clause would

be fundamentally unfair and whether the clause was the product of fraud or overreaching.

Dkt. 30.  The Court discusses these issues seriatim.[1]

## II.   LEGAL STANDARD

A motion to dismiss or transfer premised upon a forum selection clause is properly

brought under Federal Rule of Civil Procedure 12(b)(3).  Argueta v. Banco Mexicano, S.A.,

87 F.3d 320, 324 (9th Cir. 1996).  In considering such a motion, "[the] pleadings need not

be accepted as true, and facts outside the pleadings may be considered."  Doe 1 v. AOL

LLC, 552 F.3d 1077, 1081 (9th Cir. 2009).  In "the context of a Rule 12(b)(3) motion based

upon a forum selection clause, the trial court must draw all reasonable inferences in favor

of the non-moving party and resolve all factual conflicts in favor of the non-moving party."

Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004).

---

[1] Match.com filed motions to dismiss or transfer in each of the three cases pending
before this Court.  Only the Plaintiff in the instant action filed a substantive response to the
motion to dismiss.  The oppositions filed in Fitzpatrick and Melucci merely join in and
incorporate by reference the opposition filed in the instant action.  Therefore, the Court's
analysis in this Order shall apply to this action, as well as the Fitzpatrick and Melucci
actions.

Once venue is challenged, plaintiff bears the burden of showing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F .2d 491, 496 (9th Cir. 1979).  If the court determines that venue is improper, it may dismiss the case, or, in the interests of justice, transfer it to any district in which it properly could have been brought.  28 U.S.C. § 1406(a); Dist. No. 1, Pac. Coast Dist. v. State of Alaska, 682 F.2d 797, 799 (9th Cir. 1982).  Alternatively, even if the court determines that venue is proper, the Court may, for the convenience of parties and witnesses and in the interest of justice, transfer the action to another forum.  28 U.S.C. § 1404(a).  In either case, the decision of whether to transfer an action is a matter within the district court's discretion.  See 28 U.S.C. § 1404(b); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992).

## III.    DISCUSSION

### A.    GOVERNING LAW

Federal law governs the enforceability of forum selection clauses in diversity actions.  ManettiFarrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988).  A forum-selection clause is presumptively valid and should not be set aside unless the party challenging enforcement of such a provision can show it is unreasonable or fundamentally unfair.  Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-95 (1991); Chan v. Society Expeditions, Inc., 123 F.3d 1287, 1295 (9th Cir. 1997).  A forum selection clause is "unreasonable" if:  (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his or her day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought.  Murphy, 362 F.3d at 1140 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-18 (1972)).  The "unreasonableness" exception to enforcement of a forum selection clause is to be narrowly construed.  Argueta, 87 F.3d at 325.  In addition, the party challenging a forum selection clause bears a "heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court."  Id.

**B.    CONTENTIONS**

The forum selection clause in the User Agreement provides that the user expressly consents "to the exclusive jurisdiction and venue of the state and federal courts of the State of Texas, in Dallas County" for the resolution of any dispute arising from use of the Match.com website.  Compl. Ex. A ¶ 23.  Plaintiff argues that the clause is unenforceable on the following grounds:  (1) it is the result of fraud or overreaching; (2) enforcement of the clause would be fundamentally unfair; and (3) enforcement of the clause would violate California public policy, as embodied in the CLRA's anti-waiver provision.  These issues will be discussed seriatim.

**1.    Fraud or Overreaching**

In challenging a forum selection clause, a plaintiff must show that the forum selection clause itself, as opposed to the entire contract in which the clause is set forth, is the product of fraud or overreaching.  See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974) ("[a] forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.") (emphasis added).  Here, Plaintiff argues, albeit briefly, that Match.com's inclusion of a forum selection clause in its User Agreement is "part and parcel" of its scheme to defraud the public into using its dating service.  Pl.'s Opp'n at 11, Dkt. 27.  However, Plaintiff has made no showing that the forum selection clause itself was included in the Agreement through fraudulent means.  Vague and conclusory assertions such as those proffered by Plaintiff in this action are insufficient to defeat a forum selection clause.  See Pacific Health Advantage v. CAP Gemini Ernst & Young U.S. LLC, No. C 07-1565 PJH, 2007 WL 1288385, at *2 (N.D. Cal. May 2, 2007) (rejecting unsupported claim that forum selection clause was the product of fraud or overreaching) (Hamilton, J.); Democracy Council of Cal. v. WRN Ltd., PLC, No. CV 10-5088 PSG (SHx), 2010 WL 3834035, at *5 (C.D. Cal. Sept. 27, 2010) ("[plainitff]'s general fraud allegation is not sufficient to nullify the forum selection clause and there is no evidence that the forum selection clause itself was inserted into the Agreement as a result of fraud, undue influence or overweening bargaining power.").

## 2.     Fundamentally Unfair

Next, Plaintiff argues that enforcement of Match.com's forum selection clause would be fundamentally unfair because of the allegedly increased cost and inconvenience associated with litigating her claims in Texas.  Pl.'s Opp'n at 10-11.  The sole case cited by Plaintiff in support of her contention is the California Court of Appeal's decision in Aral v. EarthLink, Inc., 134 Cal. App. 4th 544 (2005), which concluded that "a forum selection clause that requires a consumer to travel 2,000 miles to recover a small sum is not reasonable[.]"  Id. at 561.  As an initial matter, the inquiry into the enforceability of a forum selection clause in a diversity case such as the present is controlled by federal, not state, law.  Manetti-Farrow, 858 F.2d at 513; Kiland v. Boston Scientific Corp., No. C 10-4105 SBA, 2011 WL 11261130, at *2 n.3 (N.D. Cal. April. 1, 2011) (Armstrong, J.).  On that basis alone, Aral does little to elucidate the issue of unreasonableness, as it pertains to this particular action.

Moreover, unlike Aral, federal cases have emphasized that "the party resisting enforcement of the clause has a heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party effectively would be denied a meaningful day in court."  Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 281 (9th Cir. 1984).  To satisfy that burden, plaintiffs challenging the enforcement of a forum selection clause must present specific evidence showing that the burden of litigating in the contractually-designated forum would be so onerous as to deny them a forum for their claims.  Compare Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc., 926 F.2d 865, 868-69 (9th Cir. 1991) (rejecting inconvenience argument where appellant "failed to produce evidence of inconvenience he would suffer by litigating in Saudi Arabia"), with Murphy, 362 F.3d at 1141 (holding that enforcement of forum selection clause was unreasonable where "the combination of [plaintiff]'s alleged financial troubles and physical limitations would bar him from litigating his claim in Wisconsin").

Here, Plaintiff asserts that Match.com's subscription fees are approximately $20 to $40 per month, while the cost of a roundtrip airline ticket from the San Francisco Bay Area

to Dallas, Texas, is $1,224.  Pl.'s Opp'n at 10-11; Fisher Decl. ¶ 8, Dkt. 27-1.  Given the purported disparity between the amount in controversy and the cost of litigating the action in Texas, Plaintiff argues that "[i]t would be economically irrational for any Californian to invest the resources to even attempt to recover their Match subscription fees in a Texas forum."  Pl.'s Opp'n at 10-11.  This argument misses the point.  The salient question is whether Plaintiff has adduced evidence to satisfy her heavy burden of showing that compelling her to pursue her claims in Texas would effectively foreclose her ability to proceed with the litigation.  Plaintiff has made no such showing.  See Gamayo Decl., Dkt. 27-2.[2]  Moreover, Plaintiff's unsupported assertion that it would be "economically irrational" for her to pursue her claim on an individual basis ignores the fact that she commenced this action as a class action.  Notably, this Court has recognized that the "fact that it might not make financial sense to [incur expenses] as an individual litigant does not show a hardship that would deprive [the plaintiff] of his day in court in [a] class action case."  See Madanat v. First Data Corp., No. C 10-04100 SI, 2011 WL 208062, at *3 (N.D. Cal. Jan. 21, 2011) (Illston, J.).[3]  Thus, the Court finds that Plaintiff has failed to demonstrate that the forum selection clause is fundamentally unfair.

### 3.    Public Policy

Finally, Plaintiff contends that the clause is unenforceable as a matter of California public policy in view of the anti-waiver provision of the CLRA, which makes "[a]ny waiver by a consumer of the provisions of [CLRA] ... contrary to public policy and ... unenforceable and void."  Doe 1 v. AOL LLC, 552 F.3d 1077, 1083-84 (9th Cir. 2009) (citing Cal. Civ.Code § 1751).  Though Match.com's forum selection clause does not explicitly require the waiver of any remedies under the CLRA, it does contain a choice of

---

[2] The Court also notes that like Plaintiff in this action, none of the Plaintiffs in the Melucci or Fitzpatrick actions allege that they lack the resources or ability to litigate their claims in Texas. See Melucci Decl., C 11-1076 SBA, Dkt. 18-1; Fitzpatrick Decl., C 11-1206 SBA, Dkt. 14; Walker Decl., C 11-1206 SBA, Dkt. 15.

[3] Indeed, in invoking the Court's jurisdiction under CAFA, Plaintiff alleges that at least $5 million is at stake in this action.  Compl. ¶ 7.  Thus, it strains credulity for Plaintiff to suggest that her financial interest is limited to the $20-$40 monthly subscription fee.

law clause specifying that disputes relating to the website "shall be governed by the laws of the State of Texas."  Compl. Ex. A ¶ 23.  Thus, Plaintiff argues that when Match.com's forum selection and choice of law clause are construed together, they are the "functional equivalent" of a waiver of rights afforded the CLRA.  See Pl.'s Opp'n at 7.[4]

As support for her position, Plaintiff relies principally on America Online, Inc. v. Superior Court of Alameda County, 90 Cal.App.4th 1 (2001) ("AOL") and Doe 1 v. AOL LLC, 552 F.3d 1077 (9th Cir. 2009) (per curiam).  In AOL, former subscribers of an internet service provider filed a class action lawsuit, inter alia, under the CLRA.  AOL moved to dismiss the action under the forum selection clause contained in its Terms of Service Agreement, which designated the "courts of Virginia" as the place where any claims against AOL had to be resolved, and specified Virginia law as the governing law.  In upholding the trial court's denial of AOL's motion, the California Court of Appeal held that because Virginia law does not allow consumer lawsuits to be brought as class actions, and because the available Virginia state law remedies are more limited than those afforded by California law, the rights of the plaintiff and the proposed class members would be substantially diminished if they were forced to litigate their dispute in Virginia.  Id. at 11. In Doe 1, The Ninth Circuit addressed the same forum selection clause and construed "courts of Virginia" to mean the state courts of Virginia, not both its state *and* federal courts. Doe 1, 552 F.3d at 1082.  Concurring with AOL, the court further agreed that the clause was unenforceable because it effectively required plaintiffs to forego the right to pursue class action and other remedies under the CLRA, in contravention of its anti-waiver provisions.  Id. at 1084-85.

---

[4] Although the party opposing enforcement of a forum selection clause bears the burden of demonstrating that it is unreasonable, the burden shifts to the defendant where the non-moving party contends that the clause violates the anti-waiver provision of the CLRA.  AOL, 90 Cal.App.4th at 11 (recognizing that where enforcement of a forum selection clause "has the potential of stripping California consumers of their legal rights deemed by the Legislature to be non-waivable, the burden must be placed on the party asserting the contractual forum selection clause to prove that the CLRA's anti-waiver provisions are not violated.").

AOL and Doe 1 are readily distinguishable from the present case.  In each of those cases, the court's decisions are based on the conclusion that the plaintiffs would not be able to pursue their claims as a class action if the forum selection clause were enforced.  AOL, 90 Cal.App.4th at 17; accord Doe 1, 552 F.3d at 1084.  That situation is not presented here.  Unlike the forum selection clause in the AOL agreement, Match.com's forum selection clause is not limited to state court.  Rather, the clause expressly permits a plaintiff to pursue his or her claims in either state or federal court.  See Compl. Ex. A ¶ 23.  Since the forum selection clause permits actions to be brought in federal court, Plaintiff remains free to pursue her claims on a class basis in accordance with Federal Rule of Civil Procedure 23.  See Madanat, 2011 WL 208062, at *4 (noting that Doe 1 did not foreclose application of forum selection clause where plaintiff could pursue class action in transferee forum).[5]

With regard to the issue of whether Texas law affords the same protections as the CLRA, Plaintiff overlooks that the instant motion does not seek a choice of law determination.  Rather, the resolution of which state's laws apply is for the Texas court to make.  See Besag v. Customer Decorators, Inc., No. C 08-05463 JSW, 2009 WL 330934, at * 14 (N.D. Cal. Feb. 10, 2009) (rejecting contention that enforcement of a forum selection clause would contravene public policy of the forum state because it required speculation as to which law the transferee forum ultimately would apply) (Whyte, J.); Mazzola v. Roomster Corp., No. CV 10-5954 AHM (JCGx), 2010 WL 4916610, at *3 (C.D. Cal. Nov. 30, 2010) ("Plaintiff is free to pursue remedies in federal court in New York. … [O]nce in the proper venue, Plaintiff is free to argue for application of California law. "); Billing v. CSA-Credit Solutions of Am., Inc., No. 10-cv-0108 BEN (NLS), 2010 WL 2542275, at *4 (S.D. Cal. June 22, 2010) ("There is no reason to believe that Texas courts will not or cannot entertain Plaintiff's choice of law arguments or that they cannot apply California law, if it is determined that California law governs.").  In sum, the Court finds that

[5] A suit under Texas' Deceptive Trade Practices Act ("DTPA"), the counterpart to the CLRA, may also be brought as a class action.  See In re Alford Chevrolet-Geo, 997 S.W.2d 173, 177 (Tex. 1999).

1    enforcement of Match.com's forum selection clause neither contravenes the anti-waiver

2    provision of the CLRA nor the strong public policy of California.

3         **C.**    **EVIDENTIARY HEARING**

4         Finally, Plaintiff requests an evidentiary hearing to address "whether

5    (1) enforcement of Defendant's forum selection clause would be fundamentally unfair in

6    this case, and (2) Defendant's forum selection clause is the product of fraud or

7    overreaching." Pl.'s Req. for Evid. Hearing at 1, Dkt. 30.  In <u>Murphy</u>, the court instructed

8    that if a party raises a genuine factual issue, the court may stay the Rule 12(b)(3) motion

9    and hold an evidentiary hearing on the disputed facts.  362 F.3d at 1139.  In this case,

10   however, there are no disputed issues of fact to warrant such a hearing.  With regard to the

11   issue of fundamental unfairness, Plaintiff failed to make any factual showing that she would

12   be unable to pursue her claims in Texas if the Court were to enforce the forum selection

13   clause.  And as to the matter of fraud or overreaching, Plaintiff failed to make any showing

14   that the forum selection clause itself was incorporated into the User Agreement through

15   deceptive means.  Since there are no factual disputes that bear upon whether the forum

16   selection clause should be enforced, Plaintiff's request for an evidentiary hearing is denied.

17   **IV.**   <u>**CONCLUSION**</u>

18        The Court finds that Plaintiff's claims are subject to the Match.com forum selection

19   clause, and that the enforcement of such clause is not unreasonable.   Based on the facts and

20   circumstances presented, and in the interests of justice, the Court will transfer, as opposed

21   to dismiss, the present and related actions, to the Northern District of Texas, where the

22   <u>Robinson</u> case remains pending.  Accordingly,

23        IT IS HEREBY ORDERED THAT Defendant's motions to transfer venue filed in

24   <u>Kristy Gamayo v. Match.com L.L.C.</u>, No. C 11-00762 SBA, <u>Nancy Melucci v. Match.com</u>

25   <u>L.L.C.</u>, No. C 11-01076 SBA, and <u>Gail Fitzpatrick v. Match.com L.L.C.</u>, No. C 11-01206

26   SBA are GRANTED, and each action is hereby TRANSFERRED to the Northern District

27   of Texas.  The Clerk shall close the file and terminate each of the aforementioned matters

28   and shall file a copy of this Order in the docket of each of the aforementioned cases.

IT IS SO ORDERED.

Dated:  August 23, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge